[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both of these cases involve the same two parties, each of whom seeks a temporary injunction with respect to the use of a certain driveway between their properties on the north side of East Main Street in Stamford.
Triaena Associates ("Triaena") owns a commercial building at 912 East Main Street which houses a number of retail stores. New Hope Realty ("New Hope") owns the premises immediately adjacent to the east which is numbered 914 East Main Street and contains a large building with a variety of uses. In between these two properties lies a driveway approximately twelve feet wide, eight feet of which is on property of Triaena, and the remaining four feet are on New Hope's property.
New Hope had erected a chain-link fence down the driveway along the property line but thereafter removed it. The first-captioned action brought by Triaena, which seeks an order to remove the fence is therefore moot, and this decision pertains only to the action brought by New Hope against Triaena.
The parties agree that they both have a mutual easement to use this twelve foot driveway. Both parties also agree that New Hope is authorized to use this easement for ingress and egress to its building on the east side of the driveway for both pedestrians and motor vehicles, which would include deliveries to said building. They also agreed that cranes and related construction machinery could utilize this easement during construction, repairs, alteration and maintenance of the New Hope building. It was also agreed that the easement would not be blocked by either party including a proscription against parking thereon.
The only remaining controversy for the court to decide is to what extent a small door, approximately six feet by three feet, on the east side of the New Hope building approximately 80 feet distance from the street may be used. At the present time New Hope has no particular need for this door because access to the rear of its building is over an easement granted New Hope by Amtrak and/or the Connecticut Department of Transportation whose railroad tracks run to the rear of this property. This easement, however, is only given for a six-month period, and although it has been renewed every six months, New Hope fears that some day the railroad will no longer grant such an easement CT Page 3722 and that New Hope will have no means of access to the rear of its building except through the small door on the driveway in question.
Accordingly, New Hope wants its easement to be interpreted so as to permit it to replace this small door with a ten-foot by ten-foot overhang door that will enable delivery trucks to enter the driveway, go through the door and make deliveries to the rear portion of the building. In other words, New Hope fears that if the railroad easement is cut off the only access to the rear portion of its building is through this small door which would prevent any large items being delivered.
I think this fear is sound and could prevent reasonable utilization of the premises. Triaena claims that changing the door in effect permits an intensification or increase in the scope of this easement because larger deliveries could be made to the New Hope building than is presently the case. However, in the event the railroad rescinds its easement, New Hope could use the smaller door for deliveries and park trucks right in the driveway for this purpose. The larger door, on the other hand, will permit small trucks to actually enter the building and not block the driveway and therefore I do not believe that the use will in fact be intensified.
Accordingly, New Hope's request that in effect the easement should be interpreted so as to permit it to replace the smaller door with a ten-foot by ten-foot overhang door is granted. However, this permission is operative only in the event that the railroad refuses continued use by New Hope of its present easement over the railroad property.
So Ordered.
Dated at Stamford, Connecticut this 21st day of November, 1990.
LEWIS, J.